# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NIHAT YUKSEL,<br><br>  Plaintiff,<br>v.<br><br>JOJV, LLC d/b/a OMNI ATLANTA AT CNN CENTER and OMNI HOTELS MANAGEMENT CORPORATION,<br><br>  Defendant, | CIVIL ACTION FILE NO:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Nihat Yuksel (hereinafter "Plaintiff" or "Mr. Yuksel") files his Complaint against Defendant Omni Hotels Management Corporation ("Omni" or "Defendant") based on the following allegations:

## INTRODUCTION

1.

This is a national origin discrimination action based on the discriminatory treatment and termination of Plaintiff by Omni in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.* (Title VII).

1

2.

Plaintiff also asserts an age discrimination action, as his termination was also due to his advanced age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA), 29 U.S.C. § 621 *et seq.*, as amended.

3.

Mr. Yuksel is a 63-year-old immigrant from Turkey who became a citizen of the United States in 1994. Plaintiff was unlawfully terminated by Omni based on a new manager's discriminatory bias against Mr. Yuksel due to his national origin and/or age.

## PARTIES, JURISDICTION, AND VENUE

4.

Plaintiff submits himself to the jurisdiction of this Court. Mr. Yuksel was over the age of forty (40) at all times relevant to this Complaint. Plaintiff was terminated at the age of sixty-two (62).

5.

Omni Hotels Management Corporation is a Delaware corporation licensed to do business in the State of Georgia, and service of process may be effectuated through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Omni is subject to the personal

jurisdiction of this Court.

6.

At all times relevant to this suit, Omni employed thousands of employees and is subject to the mandates of Title VII and the ADEA not to discriminate in employment decisions on the basis of national origin or age.

7.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the claims to be asserted raise federal questions of law.

8.

Pursuant to 28 U.S.C. § 1391, venue is proper because the acts, events, and occurrences giving rise to Mr. Yuksel's claims took place within this judicial district and division.

## ADMINISTRATIVE PROCEEDINGS

8.

On April 26, 2020, Mr. Yuksel filed a Charge of Discrimination alleging national origin discrimination and age discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

9.

Mr. Yuksel received a Notice of Right to Sue letter from the EEOC on June

15, 2021. He properly filed this Complaint within ninety (90) days of receiving the Right to Sue letter.

## STATEMENT OF FACTS

10.

Mr. Yuksel is currently sixty-three (63) years old and was terminated by Omni at the age of sixty-two (62).

11.

Mr. Yuksel immigrated from Turkey to the United States in 1990 and became a citizen of the United States in 1994.

12.

Omni hired Mr. Yuksel originally in 1996 at the Omni Atlanta at CNN Center (Omni Atlanta) hotel in Atlanta, Georgia.

13.

Defendant Omni Hotels Management Corporation is the corporate body that employs Omni employees for Omni locations around the United States.

14.

In 1999, Mr. Yuksel received a promotion to Director of Finance at an Omni hotel in Charlottesville, Virginia, and Plaintiff later transferred to Chicago as the Director of Finance for a Chicago area Omni hotel.

15.

Plaintiff left Omni for another employer in 2006, until he returned to Omni Atlanta as the Director of Finance in 2012.

16.

Mr. Yuksel remained the Director of Finance for Omni Atlanta until his termination on October 31, 2020. In total, Mr. Yuksel was a collective 20-year employee of Omni.

17.

As the Director of Finance, Mr. Yuksel was responsible for all accounting functions at Omni Atlanta, including financial statement preparation, cash management, balance sheets, forecasting, annual business plans, operating and capital budgets, supervision of IT and purchasing departments, and oversight of annual internal and external audits.

18.

In February 2019, Omni hired Keith Butz, a white male in his fifties (50s) from the United States, as the new Managing Director for Omni Atlanta.

19.

Almost immediately, Mr. Butz began scrutinizing Mr. Yuksel and creating a divide, compared to the other executive management who were from the United

5

States and treated well by Mr. Butz.

20.

In or around November 2019, Mr. Yuksel had a meeting with Mr. Butz to discuss Mr. Yuksel's future and career goals with Omni. Mr. Yuksel discussed his ambition of becoming a Managing Director of a location.

21.

Mr. Butz negatively questioned Mr. Yuksel's upward mobility and desire to become a Managing Director and told Mr. Yuksel that it would not happen due to "your culture being different from others" and being an immigrant form Turkey.

22.

Mr. Yuksel was alarmed by the blatant discriminatory statement by Mr. Butz, which affirmed why Mr. Butz had not treated Mr. Yuksel well compared to his colleagues who were from the United States.

23.

Mr. Yuksel, a collective 20-year employee of Omni was suddenly being devalued by his new Managing Director because of his national origin and immigration status.

24.

In March 2020, the COVID-19 global pandemic struck the United States,

and by April 1, 2020, Omni Atlanta temporarily closed due to the pandemic.

25.

With the closure of the hotel, the front of house management, including the Hotel Manager, Director of Rooms, and Director of Food & Beverage, were furloughed, along with other employees who were involved in the day-to-day guest services, rooms, cleaning, food and other front of house jobs.

26.

The remaining members of the executive team—Managing Director, HR Director, Director of Engineering, and Director of Marketing—were not furloughed.

27.

Mr. Yuksel learned that he was also being furloughed, despite his crucial operational role for Omni Atlanta.

28.

Upon information and belief, Mr. Yuksel was the only Director of Finance furloughed for all Omni locations.

29.

The Director of Finance position is vital for all Omni locations to continue proper management of accounting and finances, even during a temporary closure.

30.

While Mr. Yuksel was furloughed, his assistant, Tiiana Ellis, who is in her mid-thirties (30s) and from the United States, was asked to continue working to oversee the financial operation of Omni Atlanta instead of Mr. Yuksel.

31.

In or around August 2020, Omni Atlanta reopened. At that time, the Director of Room and Director of Food & Beverage were called back to work from furlough.

32.

The Hotel Manager had already resigned from Omni Atlanta for other employment.

33.

Shockingly, Mr. Yuksel was still not called back from furlough.

34.

Meanwhile, Mr. Yuksel's other assistant, Kelly Mason, was also called back from furlough. Ms. Mason is substantially younger than Mr. Yuksel and also from the United States.

35.

Thus, Mr. Yuksel was the only member of the executive management team

for Omni Atlanta who was not called back from furlough, and he was the only Director of Finance who was furloughed in the first place.

36.

On November 5, 2021, Mr. Yuksel was advised that he was terminated effective October 31, 2020, allegedly due to the ongoing pandemic.

37.

Mr. Yuksel was the only executive manager of Omni Atlanta who was terminated allegedly due to the pandemic. The remaining executive managers were all from the United States and only the Director of Engineering was also in his sixties (60s).

38.

Notably, none of the executive management who were brought back from furlough and allowed to return to their jobs were from Turkey.

39.

After Mr. Yuksel was terminated, a significantly younger male believed to be in his 40s, Jhon Fredy Chavarria, was hired into the Director of Finance position at Omni Atlanta.

40.

Notably, Mr. Chavarria, believed also to be an immigrant to the United

States, was hired in May 2021. Mr. Butz left Omni Atlanta in April 2021.

## COUNT I: NATIONAL ORIGIN DISCRIMIANTION IN VIOLATION OF TITLE VII

41.

Plaintiff incorporates by reference the preceding allegations as if fully restated herein.

42.

Title VII forbids terminating or otherwise taking adverse action, including a discriminatory furlough, against an employee based on the employee's national origin.

43.

Omni is an employer as defined by Title VII, 42 U.S.C. § 2000e(b).

44.

Mr. Yuksel was in a protected class based on his national origin—Turkey—and his immigration status.

45.

Mr. Yuksel was a valued employee of Omni for approximately twenty (20) years, until a new Managing Director verbally displayed bias against Mr. Yuksel

due to his national origin.

46.

Omni's decision to furlough and subsequently terminate Mr. Yuksel due to his national origin was a violation of Title VII.

47.

Atlanta's unlawful conduct caused Officer Moore to suffer economic and non-economic damages, including, but not limited to, lost earnings and benefits, lost opportunities for advancement, pain and suffering, and mental and emotional distress, for which Atlanta is liable.

### COUNT II: AGE DISCRIMINATION IN VIOLATION OF THE ADEA, 29 U.S.C. § 621 *et seq.*

48.

Plaintiff incorporates by reference the prior paragraphs as if fully set forth herein.

49.

Omni is an employer covered by the ADEA, 29 U.S.C. § 621, *et seq.*

50.

Mr. Yuksel was over the age of forty (40) at all times relevant to this

Complaint and was 62 years old at the time of his unlawful and discriminatory termination.

51.

Mr. Yuksel was one of the oldest, if not the oldest, executive manager at Omni Atlanta at the time of his termination.

52.

Despite bringing all other executive managers back from furlough, Omni used the ongoing pandemic as an excuse to terminate an aging employee.

53.

Mr. Yuksel was the only employee from his department laid off during the alleged reorganization, yet a substantially younger assistant remained actively employed to handle Mr. Yuksel's duties.

54.

After he was formerly terminated, Mr. Yuksel was replaced by a substantially younger employee believed to be in his forties (40s).

55.

Omni's alleged reasons for terminating Mr. Yuksel due to an ongoing

pandemic was pretextual. Mr. Yuksel was the only Director of Finance for all Omni locations who was furloughed and was the only member of executive management for Omni Atlanta who was terminated allegedly due to the pandemic.

56.

Omni terminated Mr. Yuksel because of his age, in violation of the ADEA which prohibits discrimination in employment on the basis of age against persons over the age of forty (40).

57.

Omni's unlawful actions caused Plaintiff to suffer lost income and benefits, lost opportunities for advancement, lost retirement benefits, costs and attorneys' fees, and other damages for which Omni is liable.

58.

Omni's conduct alleged in this Complaint is a willful and intentional violation of the ADEA, which entitles the Plaintiff to liquidated damages.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

(a) Find that Defendant violated Title VII and the ADEA as described above;

(b) Order Defendant to make Plaintiff whole by reinstatement to his former

position, with full back pay and other benefits and expenses in amounts to be proven at trial;

(c) If reinstatement is not feasible under the circumstances, grant Plaintiff front pay, including lost future benefits including medical insurance and retirement benefits;

(d) Grant Plaintiff compensatory damages for pain and suffering and mental and emotional distress in an amount determined by the enlightened conscience of a jury;

(e) Award Plaintiff punitive damages from Defendant Schierbaum in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

(f) Grant Plaintiff liquidated damages where applicable;

(g) Grant Plaintiff pre-judgment interest on all lost wages;

(h) Grant Plaintiff his costs in this action and reasonable attorney's fees as provided by law;

(i) Grant a trial by jury on all issues properly submitted to a jury; and

(j) Grant such additional relief as this Court deems proper and just.

Respectfully submitted, this 15th day of July 2021.

**PARKS, CHESIN & WALBERT, P.C.**  /s/ *J. Daniel Cole*
75 14th Street, 26th Floor  **J. Daniel Cole**
Atlanta, GA 30309  Georgia Bar No. 450675
Telephone: 404-873-8000  Email: dcole@pcwlawfirm.com
Fax: 404-873-8050

*COUNSEL FOR PLAINTIFF*